UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS CABRAL, RICHARD
NELSON CARTER, JR., MICHAEL
ANGELO PONZIANO, and ADAM
LACROIX,

    Plaintiffs,

v().

                          Case No.: 2:23-cv-757-JLB-KCD

CITY OF FORT MYERS, FLORIDA,
MARTIN DAVILA, KELLY WITT and
RICHARD SIMONETTI,

    Defendants.
_____/

## ORDER

    Several plaintiffs bring this civil rights action against several officers and the City of Fort Myers.  Plaintiffs filed their initial complaint on September 21, 2023 (Doc. 1) and their Amended Complaint (Doc. 13) on October 25, 2023.  This matter is before the Court on several motions to dismiss.  (Docs. 17, 18, 19, 20).  Each motion to dismiss asserts that the Amended Complaint is a shotgun pleading.  (Doc. 17 at 5–7, Doc. 18 at 6–8; Doc. 19 at 5–8, Doc. 20 at 7–10).  The Court agrees and dismisses the complaint without prejudice for the reasons set forth below.

    The Federal Rules of Civil Procedure provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P.

1

8(a)(2); Fed. R. Civ. P. 10(b).  Complaints that fail to meet these standards are sometimes called "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  The Eleventh Circuit has "repeatedly condemned shotgun pleadings," explaining that they "fail[] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (citing *Weiland*, 792 F.3d at 1321 n.9, 1323).

The Eleventh Circuit has enumerated four types of shotgun complaints. *Weiland*, 792 F.3d at 1321.  The first type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*  The second is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  The third fails to "separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23.  And the fourth type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Amended Complaint violates categories two and three.

With respect to category two, the Amended Complaint does contain headings indicating which allegations are directed to each count (*see, e.g.*, Doc. 13 at 20). Still, those headings are contradicted by a paragraph included in each count

2

incorporating all factual allegations set forth in the complaint as follows: "The averments of paragraphs 1-315 are repeated and alleged in full force and effect as if repeated in their entirety herein." (Doc. 13 at ¶¶ 316, 327, 343, 355, 372, 380, 388, 398, 408, 417, 425). Because of this contradiction, Defendants must read through over three hundred paragraphs to ferret out which facts support each claim. And the Court must do the same to determine whether Plaintiff has stated any claims upon which relief can be granted. Such unnecessary effort by both Defendants and the Court is exactly the type of harm envisioned by the Eleventh Circuit in denouncing shotgun pleadings. *See Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.").

That concern is compounded because many factual allegations are, on their face, conclusory and impermissibly vague. For example, one section, titled "Plaintiffs' Planned Activities (Directed to Request for Declaratory and Injunctive Relief)" indicates, among other things, that "Plaintiffs share their faith in various ways," and "Plaintiffs have a religious mandate to go to Public Spaces in the City." (Doc. 13 at ¶¶ 62, 66, 70). These allegations, among many others in the Amended Complaint, are not facts so much as they are "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotation marks omitted) ("[A]

3

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."). Again, the Court can only speculate that these allegations relate to Counts I, II, III, and IV, which request injunctive relief—though one must read through about seventy-five pages down the Amended Complaint to determine that. (Doc. 13 at 89–96). Then again, if such facts only apply to the first four counts, it is unclear and quite confusing why they are not under the heading "Allegations Directed to Constitutional and RFRA Challenges Counts 1-4." (*See id.* at 20).

The allegations within the counts themselves are similarly conclusory and vague. For example, Count I states that "WITT's actions were performed under color of state law . . . but his acts were outside the limits of lawful authority and abusive in manner, and he further acted in a way that misused his power and was able to do so only because of his position as a City official." (*Id.* at ¶ 319). Even assuming that only the allegations under the headings applied to Counts I–IV apply to Count I, the Amended Complaint alleges that Officer Witt interacted with various Plaintiffs on February 12, 2021 (*id.* at ¶¶ 103–10), February 26, 2021 (*id.* at ¶¶ 111–17), March 7, 2021 (*id.* at ¶¶ 118–29), March 28, 2021 (*id.* at ¶¶ 130–36), April 25, 2021 (*id.* at ¶¶ 137–50), and September 3, 2021 (*id.* at ¶¶ 167–74). It is wholly unclear which of Officer Witt's actions, on which date, was "outside the limits of lawful authority and abusive in manner" or a "misuse[] of his power." (*Id.* at ¶ 319).

With respect to the third category, at least one of the counts within the Amended Complaint forces two different claims into one count. Count IX claims that "Simonetti's actions against Cabral violate the First and Fourth Amendment[s] to the United States Constitution." (*Id.* at 83).

## CONCLUSION

The Court has not sifted through the Amended Complaint to find every single issue. The examples above alone illustrate the Amended Complaint's shotgun pleading nature and provide grounds for dismissal. However, the Court notes that it has identified many of these problems. The Court is here to adjudicate cases and controversies before it, and it does so the best it can based on the complaints before it. But the operative complaint here needs *substantial* work for it to provide sufficient notice to Defendants so they can be on notice of the claims against them. Furthermore, this Court needs a well-pleaded complaint to discern whether it complies with the applicable pleading requirements set forth in the Federal Rules of Civil Procedure. Counsel for Plaintiffs may consider carefully reviewing the amended complaint and determining if the claims meet the pleading requirements. Furthermore, counsel for Plaintiffs may also consider whether the plaintiffs should file separate lawsuits in the first instance.

Accordingly, it is **ORDERED**:

1. The Motions to Dismiss (Docs. 17, 18, 19, 20) are **GRANTED in part** to the extent that the Amended Complaint (Doc. 13) is dismissed without prejudice.
2. Plaintiffs may file a second amended complaint no later than August 27,

2024.  The Court recognizes that any complaint filed in this matter as currently styled, with several plaintiffs alleging several unlawful interactions with several defendants on separate occasions, will be lengthy, but a lengthy complaint must still comply with Rules 8 and 10.  There is a Motion for Relief From Misjoinder and to Sever Unrelated Cases (Doc. 37) pending before the Court, which the Court **DENIES as moot** in light of its dismissal of the Amended Complaint.  But the Court notes that, even if these cases are permissibly joined under Federal Rule of Civil Procedure 20 (which the Court explicitly does *not* decide in this Order), another failed amendment to this complaint may help persuade the Court that this action cannot be adequately pleaded unless Plaintiffs' respective claims are severed or, perhaps, filed in separate complaints.

**ORDERED** in Fort Myers, Florida on August 6, 2024.

	*/s/ John L. Badalamenti*
	JOHN L. BADALAMENTI
	UNITED STATES DISTRICT JUDGE