UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS CABRAL, RICHARD
NELSON CARTER, JR., MICHAEL
ANGELO PONZIANO, and ADAM
LACROIX,

    Plaintiffs,

v().                                            Case No:   2:23-cv-00757-JLB-KCD

CITY OF FORT MYERS, FLORIDA,
MARTIN DAVILA, KELLY WITT, and
RICHARD SIMONETTI,

    Defendants.
_____/

## ORDER

Before the Court is the City of Fort Myers, Martin Davila, Kelly Witt, and Richard Simonetti's (collectively, "Defendants'") Motion to Sever Thomas Cabral, Richard Nelson Carter, Jr., Michael Angelo Ponziano, and Adam Lacroix's (collectively, "Plaintiffs'") claims against them into separate actions. (Doc. 45). After careful review of the Complaint, the parties' briefing, and the entire record, the Court **GRANTS in part** Defendants' Motion for Relief from Misjoinder and to Sever Unrelated Cases (Doc. 45).[1]

---

[1] This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367. *See* 28 U.S.C. § 1331 (conferring to district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1343 (conferring jurisdiction to federal courts over claims arising under 42 U.S.C. § 1983); 28 U.S.C. § 1367 (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

# BACKGROUND

Between October 2020 and September 2021, Plaintiffs were each arrested, cited, and/or given a warning for disturbances caused by preaching on sidewalks and streets. (*See generally* Doc. 40). As a result, Plaintiffs filed this action against the City of Fort Myers and several police officers. (*Id.*).

Primarily at issue is City Ordinance 57-196(a), providing as follows:

> It is unlawful for any pedestrian, or person operating or occupying any conveyance, aircraft, vehicle, vessel, motorcycle, or bicycle upon the streets, alleys, waterways or other public places in the city to operate or amplify the sound produced by a radio, compact disc or tape player, musical instrument, voice, or other machine or device for producing or reproducing sound in such a manner as to be audible at a distance of 25 feet or more from the source of the sound.

(*Id.* at ¶ 27). Cabral was cited by Officer Witt for violation of this ordinance on February 12, 2021, February 26, 2021, and September 3, 2021. (*Id.* at ¶¶ 26–47, 88–95). Cabral was arrested for violation of the ordinance on October 2, 2020, by Officer Davila and again on April 30, 2021, by Officer Simonetti. (*Id.* at ¶¶ 96–119). On March 7, 2021, Officer Witt warned Carter that he would "ticket or arrest" him for violation of the noise ordinance. (*Id.* at ¶¶ 48–59). On April 25, 2021, Officer Witt warned Lacroix that his preaching was violating the noise ordinance. (*Id.* at ¶¶ 67–87). And, lastly, on March 28, 2021, Ponziano received a citation from Officer Witt for violating the noise ordinance. (*Id.* at ¶¶ 60–66). Ponziano was later detained and issued a citation by Officer Witt for breaching the peace pursuant to Florida Statute § 877.03. (*Id.* at ¶¶ 120–63).

Plaintiffs filed a Complaint with this Court (Doc. 1), which they later

amended (Doc. 13).  Finding that the Amended Complaint was a shotgun pleading in violation of Federal Rules of Civil Procedure 8(a) and 10(b), this Court dismissed it and gave Plaintiffs leave to again amend their complaint.  (*See* Doc. 38).

Before the Court now is Plaintiffs' Second Amended Complaint, which brings a total of eleven claims against Defendants.  (*See* Doc. 40).  Specifically, the Plaintiffs challenge the City's noise ordinance as unconstitutional and in violation of Florida's Religious Freedom Restoration Act (RFRA).  (*See id.* at ¶¶ 262–316).  Additionally, Cabral and Ponziano each bring separate claims against Officers Witt, Davila, and Simonetti for First and Fourth Amendment violations.  (*See id.* at ¶¶ 317–75).  Each Defendant has filed a motion to dismiss, which Plaintiffs have responded to in turn.  (*See* Docs. 41–44, 46, 48–50).  Defendants have also filed a Motion for Relief from Misjoinder and to Sever Unrelated Cases (Doc. 45), and Plaintiffs responded (Doc. 47).

## LEGAL STANDARD

Federal Rules of Civil Procedure 19 and 20 provide different avenues for joinder.  Rule 19 requires a person be joined in an action if "in that person's absence, the court cannot accord complete relief among existing parties" or that person has an interest in the action such that "disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to substantial risk of incurring . . . inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1).

On the other hand, Rule 20 lays out when a party *may* be joined in an action,

otherwise known as permissive joinder. *See* Fed. R. Civ. P. 20. A party may join in an action if the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" *and* there is any common "question of law or fact." *Id.* "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).

## DISCUSSION

Defendants move to sever Plaintiffs' claims, arguing that the Federal Rule of Civil Procedure 19 does not require the claims be joined and the claims are improperly joined under Federal Rule of Civil Procedure 20. (*See generally* Doc. 45). The Court agrees.

### I.     Federal Rule of Civil Procedure 19.

The parties do not dispute that Rule 19 does not require joinder of Plaintiffs' claims. (*See generally id.*; Doc. 47). Nevertheless, the Court has considered Rule 19 joinder. Rule 19(1)(A) requires a party to be joined in an action where, in that party's absence, the court would be unable to "accord complete relief among existing parties." There is no indication that Plaintiffs in this case would not be made whole by pursuing their claims against Defendants *separately*.

Rule 19(1)(B) provides another avenue for required joinder where a party has an interest in the action and disposing of the action in that party's absence may

4

"impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or inconsistent obligations." Fed. R. Civ. P. 19(a)(1). This avenue is inapplicable here because Defendants are neither protecting any interest nor would severance result in inconsistent obligations. *See Noshirvan v. Couture*, No. 2:23-CV-1218-JES-KCD, 2025 WL 1769669, at *6 (M.D. Fla. June 26, 2025) (finding that a defendant was not required to be joined under Rule 19 because he "ha[d] not claimed an interest in th[e] action").

## II. Federal Rule of Civil Procedure 20.

Defendants next argue, and the Court agrees, that the claims must be severed pursuant to Rule 20. (*See generally* Doc. 45). Plaintiffs bring a total of eleven claims against four defendants. (*See generally* Doc. 40). The claims against each defendant are separate in that they do not stem from the same transaction or share common questions of law or fact. *See* Fed. R. Civ. P. 20. Consequently, the claims must be severed by Defendant.

### A. Each individual interaction Plaintiffs Cabral and Ponziano had with an officer must be severed from this action.

Cabral and Ponziano bring counts V through XI based on their respective interactions with law enforcement. (Doc. 40 at ¶¶ 317–75). However, the claims arising from each interaction are factually distinct. The counts bring First and Fourth Amendment claims by relying on the specific circumstances of Cabral and Ponziano's separate interactions with a specified officer and seek individual relief for their individual First and Fourth Amendment claims. (*See id.*).

5

Cabral brings First and Fourth Amendment claims in counts VII through IX against Officer Simonetti, alleging that Simonetti falsely arrested him and violated his free speech rights. (*Id.* at ¶¶ 333–361). These counts rely only on the following specified facts particular to Cabral's First and Fourth Amendment claims. On April 30, 2021, Cabral used a plastic cone to amplify his voice as he publicly preached. (*Id.* at ¶ 106). Officer Simonetti approached Cabral and asked him to stop preaching. (*Id.* at ¶ 111). Cabral refused. (*Id.*). Officer Simonetti again asked that Cabral stop preaching. (*Id.*). This time, Cabral complied, and Officer Simonetti arrested Cabral for violation of City Ordinance 57-196(a). (*Id.* at ¶¶ 111–13).

In counts X and XI, Cabral brings First and Fourth Amendment claims against Officer Davila, alleging that Davila violated his free speech rights and falsely arrested him. (*Id.* at ¶¶ 362–75). These counts rely only on the following specified facts. On October 2, 2020, Cabral was preaching in public. (*Id.* at ¶ 96). Officer Davila approached and asked for Cabral's name, which Cabral refused to provide. (*Id.* at ¶ 98). Cabral began to record Officer Davila, at which point Cabral alleges that Officer Davila yelled at him to stop. (*Id.* at ¶ 99). When Cabral continued to record, Officer Davila arrested Cabral. (*Id.*). Once at the police station, Officer Davila released Cabral with a notice to appear for violating the section 57-196(a) and resisting an officer without violence. (*Id.* at ¶¶ 100–01).

Ponziano brings counts V and VI against Officer Witt, alleging that Officer Witt violated his First and Fourth Amendment rights to free speech and protection against unreasonable seizure. (*Id.* at ¶¶ 317–332). On March 28, 2021, Officer Witt

6

cited Ponziano for violation of the City's noise ordinance. (*Id.* at ¶¶ 120–21). After receiving the notice to appear, Ponziano moved across the street near a restaurant and continued preaching, this time joined by his wife. (*Id.* at ¶¶ 122, 149). When Ponziano's wife refused to stop preaching at the request of a restaurant employee, the restaurant owner confronted Ponziano. (*Id.* at ¶ 124). An unidentified citizen reported the confrontation. (*Id.* at ¶¶ 126–30). Officer Witt, who was nearby, promptly responded to the scene. (*Id.*). The owner informed Officer Witt that Ponziano "is making noise and people are leaving," and a customer seated at an outside table asked Officer Witt if it is "a disturbance of the peace yelling at us when we are eating . . ." and said "[Ponziano] is blocking us from safely crossing the road causing use to jaywalk to get across." (*Id.* at ¶¶ 132, 136–38). Following this conversation, Officer Witt detained Ponziano before giving him a notice to appear for breaching the peace, in violation of Florida Statute section 877.03. (*Id.* at ¶¶ 145, 149, 155).

Each of these interactions relies on distinct facts to seek separate relief for a particular plaintiff. The Court finds that these counts do not satisfy Rule 20's requirements that the relied-on interactions arise from the same transaction or occurrence and share a question of law or fact.

In defining "transaction" in Rule 20, courts look to its interpretation under Rule 13(a), which defines "transaction" as "a word of flexible meaning" that "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*." *Alexander*,

7

207 F.3d at 1323 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926) (emphasis added)).

Here, Plaintiffs argue that the logical relationship is "the construction and constitutionality of Fort Myers Ordinance § 57-197(a)." (Doc. 47 at 2). This ignores, however, that Ponziano's claims are not based on receiving a citation for violation of the noise ordinance *at all*. (*See* Doc. 40 at ¶¶ 317–32). Indeed, the pleadings and the requested relief for counts V and VI are completely devoid of any mention of Ponziano's citation for the noise ordinance violation. (*See id.*). Instead, Ponziano brings counts V and VI based solely on the breach of peace violation under Florida Statutes section 877.03 and the subsequent detainment for that violation. (*Id.*) There is no connection to these counts and the constitutionality of the noise ordinance.

As to the claims that are brought pursuant to City Ordinance 57-196(a) violations, the legitimacy of the citations and arrests do not turn on the constitutionality of the ordinance. *See Michigan v. DeFillippo*, 443 U.S. 31, 40 (1979) ("The subsequently determined invalidity of the [city] ordinance . . . does not undermine the validity of the arrest made for violation of that ordinance . . . ."). Rather, the test is whether the officer had probable cause to believe that "the suspect has committed, is committing, or is about to commit an offense" at the time of the incident. *Id.* at 37 (citations omitted). The same rationale applies to the First Amendment retaliation claims. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1306 (11th Cir. 2019) ("[T]he presence of probable cause will generally defeat

8

a . . . § 1983 First Amendment retaliation claim . . . .").

Further, these interactions share no common question of fact or law. As outlined above, each incident has its own set of facts that led a particular officer to cite or arrest that plaintiff. Indeed, determining whether probable cause existed is a fact-specific inquiry based on "the totality of the circumstances." *See District of Columbia v. Wesby*, 583 U.S. 48, 56–57 (2018) ("To determine whether an officer had probable cause for an arrest, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.") (citation and internal quotation marks omitted). Thus, the question for each interaction with law enforcement is whether—based on the unique facts of that plaintiff's citation or arrest—the officer had probable cause to believe that plaintiff violated the City's noise ordinance or breached the peace.

The fact that each count is brought pursuant to section 1983 is not enough to provide a common question of law or fact. *See Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, No. 8:13-CV-00853-T-27, 2013 WL 3197041, at *2 (M.D. Fla. June 21, 2013) ("[T]he mere fact that all Plaintiffs claim harm under the same statute is not a sufficient basis for joinder.")) (citation omitted) (alteration in original); *see also Brandywine Commc'ns Techs., LLC. v. Apple Inc.*, No. 6:11-CV-1512-ORL-36, 2012 WL 527057, at *2 (M.D. Fla. Jan. 24, 2012), ("[I]t appears that the only commonality amongst the Defendants is that they are all accused of violating the same Patents. This, however, is not enough.") report and

9

recommendation adopted, No. 6:11-CV-1512-ORL-36, 2012 WL 527180 (M.D. Fla. Feb. 17, 2012).

Notably, neither Carter nor Lacroix have any involvement in counts V–XI. (*See* Doc. 40 at ¶¶ 317–75). Further, at no point in Cabral's claims does Ponziano appear and at no point in Ponziano's claims does Cabral appear. (*See id.*). To be sure, the claims seek relief only for the plaintiff bringing that claim. (*See id.* at 89–91). These facts further support severance.

For the reasons stated above, counts V–XI are severed from this action. Cabral may bring separate actions against Officer Davila for the October 2, 2020, incident and against Officer Simonetti for the April 30, 3021, incident. Likewise, Ponziano may bring his claims against Officer Witt in a separate action.

### B. Counts I–IV must be severed from counts V–XI.

For the same reasons, the Court finds that counts I–VI cannot be joined with any other counts.

Counts I–IV of Plaintiffs' Second Amended Complaint are brought on behalf of all Plaintiffs against the City of Fort Myers, alleging City Ordinance 57-196(a) is unconstitutional and violates Florida law. (Doc. 40 at ¶¶ 262–316). None of the claims brought against the City arise out of the same transaction or occurrence as the claims brought by Ponziano and Cabral against Defendants Witt, Simonetti, or Davila. As discussed, each incident occurred on a different date, involved different people, have distinct operative facts, and bring separate legal questions before the Court. (*See generally id.* at 317–75; *supra* Part II.A).

Plaintiffs rely on the same argument that all of the claims are logically related because "[a] common nexus on all the actions is the construction and constitutionality of Fort Myers Ordinance § 57-197(a)." (Doc. 47 at 2). However, counts V–XI allege that the individual officers' actions in citing and arresting Cabral and Ponziano—not the City's ordinance itself—violated the individual plaintiff's constitutional rights. (*See generally* Doc. 40 at ¶¶ 317–75). Further, it is worth again underscoring that both of Ponziano's claims deal *only* with his alleged breach of peace in violation of Florida Statute section 877.03—neither deal with the citation he received for violation of the City's noise ordinance. (*See id.* at ¶¶ 317–32). On these facts, the claims share no logical relationship and, therefore, cannot satisfy Rule 20. *See* Fed. R. Civ. P. 20 (requiring that the claims stem from the same transaction or occurrence); *Alexander*, 207 F.3d at 1323 (quoting *Moore*, 270 U.S. at 610) (whether claims arise out of the same transaction or occurrence "depend[s] . . . upon their logical relationship").

Though the Court finds that counts I–IV must be severed from counts V–XI under Rule 19, counts I–IV *may* be brought together under Rule 20. While Plaintiffs' independent interactions with law enforcement give rise to their constitutional challenges, they have sufficiently alleged that these events constitute the same transaction or occurrence because there is a "a common custom, pattern, [or] practice" linking them together. (Doc. 40 at ¶¶ 9, 103, 116, 251, 255, 256, 265, 279); *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, No. 8:13-CV-00853-T-27, 2013 WL 3197041, at *2 (M.D. Fla. June 21, 2013) (citing *Alexander*,

11

207 F.3d at 1324 (allowing joinder under Rule 20 because the "claims stem from the same core allegation that they were subject to a *systemic* pattern or practice") (emphasis in original); *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1169 (11th Cir. 1995) (finding that the district court could have consolidated actions that alleged "jail officials were deliberately indifferent to the psychiatric treatment needs of the plaintiffs during their imprisonment, due to a City custom, practice or policy")).

Specifically, Plaintiffs allege that City Ordinance 57-196(a) "was enforced in furtherance of [the City's] policies and custom . . . against Plaintiffs as pedestrians but the Plaintiffs were not pedestrians within the meaning of the code" because they are "committed Christians" not subject to the ordinance. (Doc. 40 at ¶¶ 265, 279). Indeed, each Plaintiff had at least one interaction with law enforcement while preaching on a public street or sidewalk using an amplification device for which they were warned, cited, or arrested for violation of the ordinance that they now claim is unconstitutional. (*See generally id.*). Given these facts, counts I–IV arise out of the same series of transactions and occurrences.

Rule 20's second prong, that the claims arise out of a common question of law or fact, is likewise satisfied. Counts I–IV challenge City Ordinance 57-196(a) as unconstitutional under the First Amendment and Florida's Religious Freedom Restoration Act. (*See id.* at ¶¶ 262–316). Thus, these claims share a common question of law: whether the ordinance violates federal and/or state law. And whether the City's custom of enforcing the ordinance against Plaintiffs violates

12

Constitution and Florida law is a common question of fact as to each Plaintiffs' recovery. *See Alexander*, 207 F.3d at 1324 (holding that "the discriminatory character of [d]efendants' conduct is plainly common to each plaintiff's recovery" and "[t]he fact that the [p]laintiffs suffer[] different effects . . . from the alleged policy discrimination d[oes] not preclude the trial court from finding a common question of law and fact") (citing *Mosley*, 497 F.2d at 1334) (holding that the right to relief for each plaintiff depended on demonstrating that they were wrongly discriminated against as a result of the defendant's policies and suffering different effects from that discrimination "is immaterial for the purposes of determining the common question of law or fact")).

For the reasons set forth above, counts I–IV must be severed from all other counts. Still, Plaintiffs may bring counts I–IV of their Second Amended Complaint together against the City under Rule 20.

### III. Federal Rule of Civil Procedure 21.

Even if all of the claims could be permissively joined under Rule 20, severance would still be necessary. Federal Rule of Civil Procedure 21 provides that "the court may, at any time, on just terms . . . sever any claim against a party." Fed. R. Civ. P. 21; *Malibu Media, LLC v. Does 1-28*, 295 F.R.D. 527, 533 (M.D. Fla. 2012) ("A district court has broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness."); *see, e.g., Est. of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010)

(affirming the district court's order to sever for case management).

Here, joining all the claims does not serve judicial economy. There are no overlapping transactions or occurrences between the claims brought against the Defendants. *Edwards-Bennett*, 2013 WL 3197041, at *3 (explaining that "it would be fundamentally unfair and prejudicial to Defendant to try Plaintiffs' claims together where the sets of facts undergirding each claim are mutually exclusive"). Furthermore, having carefully reviewed the operative complaint, this Court has found it confusing to follow which claims apply to which plaintiff and defendant. Maintaining *all* claims in one action is neither prudent nor workable.

## CONCLUSION

Accordingly,

1. Defendants' Motion to Sever (Doc. 45) is **GRANTED in part** to the extent that the claims must be severed and **DENIED in part** to the extent that it asks that the claims be severed by Plaintiff.

2. Plaintiffs may proceed in this case against the first named Defendant, City of Fort Myers, Florida. The claims against the three remaining Defendants, Davila, Witt, and Simonetti, shall be **SEVERED** and **DISMISSED** from this case.

3. Counts V through XI of the Second Amended Complaint (Doc. 40) are **DISMISSED without prejudice**.

4. Defendant Martin Davila's Motion to Dismiss (Doc. 42), Defendant Richard Simonetti's Motion to Dismiss (Doc. 43), and Defendant

Kelly Witt's Motion to Dismiss (Doc. 44) are **DENIED as moot**.

5. Plaintiff Cabral may file separate actions against Defendants Davila and Simonetti, and Plaintiff Ponziano may file a separate action against Defendant Witt.

6. Plaintiffs are **DIRECTED** to file a Third Amended Complaint within fourteen (14) days of this Order alleging only claims related to Defendant City of Fort Myers, Florida. No new claims may be brought in the Third Amended Complaint.

7. The Clerk of Court is **DIRECTED** to terminate Defendants Martin Davila, Kelly Witt, and Richard Simonetti from this action.

**ORDERED** in Fort Myers, Florida, on August 26, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE