UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS CABRAL, RICHARD
NELSON CARTER, JR., and
MICHAEL ANGELO PONZIANO

       Plaintiffs,

    v.

CITY OF FORT MYERS, FLORIDA

       Defendant,

_____/

Case No. 2:23-CV-757-KCD-DNF

## <u>ORDER</u>

Before the Court is Defendant City of Fort Myers' Motion to Dismiss Plaintiffs' Third Amended Complaint. (Doc. 71.)[1] Plaintiffs Thomas Cabral, Richard Nelson Carter, Jr., and Michael Angelo Ponziano have responded, (Doc. 72), making this matter ripe. For the reasons below, the City's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Here are the relevant facts taken from the operative complaint, which must be accepted at this stage. Plaintiffs have a sincerely held religious belief "to spread the Gospel of Jesus Christ." (Doc. 67 ¶ 232.) They consequently take to the City's public sidewalks to carry out that mission. (*Id.* ¶¶ 18-19.) On at least seven occasions, Plaintiffs' sidewalk preaching resulted in City

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

police citing or arresting them for violating the City's noise ordinance. That noise ordinance provides, in part:

> It is unlawful for any pedestrian, or person operating or occupying any conveyance, aircraft, vehicle, vessel, motorcycle, or bicycle upon the streets, alleyways, waterways, or other public places in the city to operate or amplify a sound produced by radio, compact disc or tape player, musical instrument, voice, or other machine or device for producing or reproducing sound in such a manner as to be audible at a distance of 25 feet or more from the source of the sound.

FORT MYERS, FLA., CODE OF ORDINANCES § 54-197(b)(1).

Plaintiffs now sue the City for violating their rights under the First Amendment and Florida's Religious Freedom Restoration Act (FRFRA). (*Id.*) The City moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 71.).

## II. Legal Standard

"To prevent dismissal under Rule 12(b)(6), the plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face." *Andre v. Clayton County, Georgia*, 148 F.4th 1282, 1291 (11th Cir. 2025). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]ll well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir.

2

2022). The Court "need not, however, accept as true a complaint's conclusory allegations or legal conclusions." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 6 F.4th 1247, 1252 (11th Cir. 2021).

## III. Discussion

As mentioned, Plaintiffs challenge the City's Ordinance under the First Amendment and FRFRA. The City contends that none of these claims are sufficiently pled. The Court agrees insofar as the First Amendment claims are concerned and declines supplemental jurisdiction over the state-law count. Each claim is addressed in turn before considering Plaintiffs' eleventh-hour request for leave to amend.

### A. The First Amendment Claims

The First Amendment provides, in part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech." U.S. Const. amend. I. This command applies to the States (and in turn to municipalities like the City) through the Fourteenth Amendment. *Fla. Preborn Rescue, Inc. v. City of Clearwater, Fla.*, No. 23-13501, 2025 WL 3484822, at *3 (11th Cir. Dec. 4, 2025); *Nussbaumer v. Sec'y, Fla. Dep't of Child. & Fams.*, 150 F.4th 1371, 1376 (11th Cir. 2025). Plaintiffs challenge the Ordinance as unconstitutional both facially and as-applied to them. Neither method works here.

3

### i. The Facial Challenge

Facial challenges are "hard to win." *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). They seek "to invalidate a statute or regulation itself" and generally "must establish that no set of circumstances exists under which the [law] would be valid." *United States v. Frandsen*, 212 F.3d 1231, 1235 (11th Cir. 2025). A lower bar applies in First Amendment cases though. *Moody*, 603 U.S. at 723. Courts instead ask whether "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id*. So plaintiffs bringing such claims must plausibly allege this to be so. *See Rameses, Inc. v. Cnty. of Orange*, No. 6:04-CV-1824JA-KRS, 2005 WL 2456203, at *3 (M.D. Fla. Sept. 12, 2005) ("Plaintiff's allegations, though perhaps sufficient to show that the AEC criminal provisions suffer from some degree of overbreadth, do not permit a reasonable inference that any such overbreadth is substantial. . . . As such, Plaintiff has failed to make out a facial challenge to the provisions.").

Plaintiffs fail to do that here. They allege the Ordinance unconstitutionally "bans all of Plaintiffs' political, social, and religious speech in traditional public fora that is audible at a distance of 25 feet or more from the source of the sound." (Doc. 67 ¶ 221.) And they deem it overbroad since it precludes the rights of "other individuals" and "the public to engage in free speech by expressing their religious beliefs[.]" (Doc. 67 ¶¶ 224, 227.) Yet they

don't allege that a substantial number of the Ordinance's applications are unlawful. That omission is fatal to Plaintiffs' facial claim. *See Project Veritas v. Schmidt*, 125 F.4th 929, 961 (9th Cir. 2025) (affirming dismissal of facial First Amendment claim where plaintiff "ma[de] little effort to identify and weigh the conversational privacy statute's lawful and unlawful applications"); *Blythe v. City of San Diego*, No. 24-CV-02211-GPC-DDL, 2025 WL 1570528, at *13 (S.D. Cal. June 2, 2025) ("Plaintiff fails to carry his burden here [in his First Amendment facial challenge] because his arguments almost exclusively focus on his own intended speech activities."); *Deep South Today v. Murrill*, 779 F. Supp. 3d 782, 821 (M.D. La. 2025); *Cf. Microsoft Corp. v. U.S. Dep't of Justice*, 233 F.Supp3d 887, 910 (W.D. Wash. 2017) (concluding Microsoft had sufficiently pled its First Amendment facial challenge by alleging specific examples of the statutes' alleged overbreadth and that "a substantial number of [the statute's] applications [were] unconstitutional compared to [its] legitimate sweep").

Despite having several chances to plead a cognizable facial challenge, Plaintiffs still don't come close. They tell us how the ordinance affected *them*, and they make a few sweeping claims about how it might burden other individuals. But they never actually allege—much less show through facts—that a substantial number of the Ordinance's applications across the entire City are unlawful. You don't get to strike down a city's noise-control policy

5

just because it might catch a few conversational speakers in its net; you have to show that the net is designed so poorly that it catches a substantial amount of protected speech. *See Rameses, Inc.*, 2005 WL 2456203, at *3; *Deep South Today*, 779 F. Supp. 3d at 821; *Cf. McAllister v. Clark County*, 746 F. Supp. 3d 918, 940 (D. Nev. 2024) ("At this stage, the plaintiffs have pled sufficient facts to put the County on notice that they mount facial challenges based on the overbreadth doctrine and believe that the ordinance reaches a substantial amount of constitutional activity.").

Although not entirely clear, Plaintiffs also seem to argue that the ordinance gives the City unbridled discretion. If this is their theory, it still fails. "In the free speech context," such claims typically involve statutes or permitting schemes that "give[] a government official the discretion whether to permit or forbid speech but lacks adequate standards to guide her decision." *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1281 (11th Cir. 2025). The Ordinance here leaves little up for discretion—it draws a hard line at 25 feet and a detectable decibel level. It's a content-neutral tape-measure standard, not a vibes standard. *See State v. Catalano*, 104 So. 3d 1069, 1076 (Fla. 2012) (rejecting vagueness challenge to state statute that prohibited "plainly audible" sounds beyond 25 feet). So challenging the Ordinance under the unbridled discretion doctrine simply fails as a matter of law. *See LaCroix v. Town of Fort Myers, Beach, Fla.*, 38 F.4th 941, 953-54

(11th Cir. 2022) (affirming district court's rejection of unbridled discretion claim directed at categorical ban on portable signs); *Galardi v. City of Forest Park*, No. 1:09-CV-965-AT, 2011 WL 13214217, at *9 (N.D. Ga. Aug. 30, 2011).

The First Amendment is not a license to second-guess every noise-control ordinance a municipality chooses to pass. To strike down a law on its face, it must be systematically broken—not just that it occasionally undermines a particular speaker's preferred medium. Plaintiffs have failed to make such a showing here, so the Ordinance stays on the books.

### ii. The As-Applied Challenges

"An as-applied challenge is just what it sounds like—we ask whether the policy was or can be constitutionally applied to the plaintiffs' protected activity." *Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Schs.*, 118 F.4th 1324, 1333 (11th Cir. 2024). Plaintiffs here bring two as-applied claims. The first involves freedom of speech, while the other invokes the free exercise clause. Neither survives, and here's why.

### a. Freedom of Speech

Plaintiffs' precise theory of liability underlying the as-applied free speech claim is hard to decipher. Some of the complaint's factual allegations suggest Plaintiffs were retaliated against for exercising their freedom of speech. (Doc. 67 ¶ 29.) Others indicate that the City is unequally enforcing

the Ordinance against Plaintiffs. (*Id.* ¶¶ 35, 45-46, 52-53, 76.) But the actual body of the claim has none of that. Instead, Plaintiffs allege that because they "were not pedestrians within the meaning of the" Ordinance, the City *misapplied* it to them. (*Id.* ¶ 194.) That's plainly not a cognizable First Amendment claim. *See Homrich v. City of Wyoming*, No. 1:25-CV-296, 2025 WL 2641761, at *13 (W.D. Mich. Sept. 15, 2025); *Johnson v. City of Saginaw*, No. 17-CV-13174, 2018 WL 11311306, at *3 (E.D. Mich. Aug. 27, 2018).

A local officer's mistake in interpreting a city code is not itself a First Amendment violation. To turn a statutory dispute into a constitutional one you have to show something more, like the misinterpretation was a pretext for censorship. Plaintiffs have not done that here, instead basing their claim on an incorrect application of the law. "If the police lacked probable cause to believe that [Plaintiffs] violated the ordinance, then [they] might establish a violation of the Fourth Amendment's prohibition on unreasonable seizures. But an improper [citation] would not demonstrate that the ordinance violates the First Amendment[.]" *Langford v. City of St. Louis, Missouri*, 3 F.4th 1054, 1060 (8th Cir. 2021).

Plaintiffs seem to pivot in the briefing. They defend the as-applied claim by contending that the Ordinance has been enforced "in a uniform manner consistent with its language and scope." (Doc. 72 at 5, 8.) But, they argue, "the City not only created vague language, but also pursued

enforcement of the [O]rdinance against the Plaintiffs based on the broadest possible reach of the code language." (*Id.* at 8.) And they insist the Ordinance "is wordy, vague, and intended to be broad and expansive." (*Id.* at 4.) So it seems Plaintiffs are recasting their as-applied claim as overbreadth-based. That doesn't work either. *See Labriola v. Miami-Dade Cnty.*, 142 F.4th 1305, 1313 n.4 (11th Cir. 2025) ("[A]n overbreadth claim is never as-applied; it is, by its nature, a facial challenge."); *Diaz v. Messer*, 742 F. App'x 250, 253 (9th Cir. 2018) ("[A] litigant cannot make an as-applied overbreadth argument; an overbreadth challenge must be addressed to the facial validity of a statute.").

An as-applied challenge against the City, as here, requires a showing that the City itself—not just an officer with a badge and a misunderstanding of the word "pedestrian"—has a policy of targeting speech it doesn't like. But Plaintiffs don't seem to make such a claim. Instead, they allege the Ordinance was inapplicable to them. Even if true, such facts don't alone trigger the First Amendment. *See Ward v. Utah*, 398 F.3d 1239, 1246 (10th Cir. 2005). So Plaintiffs have also failed to state an as-applied freedom of speech claim.

### b. Free Exercise

Though styled as an as-applied challenge under the First Amendment, Plaintiffs' free exercise claim reads as a Fourteenth Amendment selective enforcement claim. (*See* Doc. 67 ¶¶ 209, 210.) According to Plaintiffs,

"enforcement of the ordinance is limited to street preachers whereas street musicians and other noise is often ignored." (Doc. 72 at 9.) "This is a selective-enforcement claim." *Sheets v. Angelini*, No. 2:25-CV-653-SPC-NPM, 2025 WL 3012679, at *4 (M.D. Fla. Oct. 28, 2025).

"To plead a selective enforcement claim . . . a plaintiff must proffer sufficient factual allegations to show that: (1) plaintiff was treated differently from other similarly situated individuals, and (2) such differential treatment was based on impermissible considerations, such as race [or] religion[.]" *Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1411 (S.D. Fla. 2014); *see also Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1045 (11th Cir. 2008); *K&w Prop. Grp., LLC v. City of Temple Terrace*, No. 8:23-CV-1304-CEH-TGW, 2024 WL 4025267, at *8 (M.D. Fla. Sept. 3, 2024).

Plaintiffs claim that the Ordinance was enforced against them while other individuals were making amplified noise audible from 25 feet away. (Doc. 67 ¶ 35, 45, 52, 76, 85, 100, 209). But Plaintiffs don't allege that these other individuals weren't also cited for violating the Ordinance. Nor are these other individuals alleged to have been producing sound on public property. Without those specific facts, the allegation of targeting is just a hunch, not a plausible legal claim. *See, e.g.*, *Sheets v. Jimenez*, No. 2:24-CV-704-SPC-KCD, 2025 WL 807345, at *3 (M.D. Fla. Mar. 13, 2025) (dismissing the plaintiff's First Amendment selective-enforcement claim for failing to cite adequate

comparators); *Maldonado v. Town of Cottonwood*, No. 1:21-CV-645-ECM, 2023 WL 6377295, at *10 (M.D. Ala. Sept. 29, 2023) (dismissing selective-enforcement claim where the plaintiff to "identify a fact supporting her conclusion that the Officers selectively enforced the law based on gender, perceived race, or economic status").

Plaintiffs haven't shown that they were treated differently from other similarly situated individuals, so their unequal-enforcement claim necessarily fails. *See Doe v. Samford Univ.*, 29 F.4th 675, 693 (11th Cir. 2022); *Paulk v. Benson*, No. 22-CV-80126-RAR, 2022 WL 1238544, at *7 (S.D. Fla. Apr. 27, 2022); *Real v. Perry*, No. 218CV331FTM29UAM, 2019 WL 3502995, at *4 (M.D. Fla. Aug. 1, 2019); *cf. Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, Fla.*, 430 F. Supp. 2d 1296, 1323 (S.D. Fla. 2006).

## B. The FRFRA Claim

With the constitutional claims gone, only Plaintiffs' state claim remains. According to Plaintiffs, the Ordinance substantially burdens their free exercise of religion under FRFRA. "While no party addresses whether the Court should continue to exercise supplemental jurisdiction" over this claim, the issue can be raised sua sponte. *See Oakes v. Collier Cnty.*, 515 F. Supp. 3d 1202, 1217 (M.D. Fla. 2021).

District courts may exercise supplemental jurisdiction over state-law claims when they "arise out of a common nucleus of operative fact with a

substantial federal claim." *Silas v. Sheriff of Broward Cnty.*, Fla., 55 F.4th 863, 865 (11th Cir. 2022); *see also* 28 U.S.C. 1367(a). But after the federal claim is gone, the "court ha[s] the discretion either to continue to exercise supplemental jurisdiction" or not. *Silas*, 55 F.4th at 865. District courts are generally "encouraged . . . to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *see also Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining FRFRA claim since it "raises novel or complex issue of State law." 28 U.S.C. § 1367(c). "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 540 (11th Cir. 2015) ("Federal courts are (and should be) loath to wade into unchartered waters of state law, and should only do so when absolutely necessary to the disposition of a case.").

## C. Leave to Amend

Federal Rule of Civil Procedure 15 directs district courts to "freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15. But where the amendment deadline has passed, as here, Rule 16 also applies. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

Rule 16 requires district courts to issue a scheduling order "limit[ing] the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once set, the amendment deadline "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause, the moving party must show diligence. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2018). Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 6:20-CV-330-ORL-40-EJK, 2020 WL 39171962, at *1 (M.D. Fla. May 27, 2020). "If a party was not diligent, the good cause inquiry should end." *Trocano v. Vivaldi*, No. 2:23-CV-645-JES-KCD, 2023 WL 8444357, at *1 (M.D. Fla. Dec. 6, 2023).

Plaintiffs seek leave to amend the complaint should the Court find their claims deficient. (Doc. 72 at 12.) But this request comes well after the February 2024 amendment deadline. And Plaintiffs completely dodge the diligence issue, failing to even mention the standard. Indeed, they offer no argument (or even explanation) for why further pleading would be appropriate here. *See Garramone v. Noshirvan*, No. 2:23-CV-340-SPC-KCD, 2024 WL 5328057, at *1 (M.D. Fla. Sept. 23, 2024); *Garcia v. L'Olivo S. Ave., LLC*, No. 2:22-CV-744-JLB-KCD, 2023 WL 11724624, at *1 (M.D. Fla. Aug. 28, 2023). Equally preclusive, Plaintiffs "failed to attach the amendment or

set forth the substance of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

Eventually, a case has to stop being a moving target. If we allow Plaintiffs to keep reshaping their complaint every time they hit a snag, this litigation will never end. That is not just an administrative headache for the Court, it is genuinely harmful to the system. Constant, late-stage amendments force the City to spend taxpayer resources hitting a refresh button on its defense, and it prevents other litigants from getting the attention their cases deserve. There is a point where liberal amendments stop being a virtue and start being a recipe for litigation by trial and error. We have reached that point here. Plaintiffs' request for leave to amend is thus denied.

## IV. Conclusion

To wrap this all up: Plaintiffs have not shown that the City's ordinance is a broken tool on its face, nor have they shown that it was used as a weapon against them in particular. The federal claims are dismissed with prejudice, and the state-law questions are left for the state court, where they belong. The City's motion to dismiss (Doc. 71) is **GRANTED IN PART** and **DENIED**

**IN PART**. Counts one, two, and three are **DISMISSED with prejudice**. Count four is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

      **ORDERED** in Fort Myers, Florida on January 6, 2026.

Kyle C. Dudek
United States District Judge